UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. SI4:06CR337CEJ(MLM) |
| PENELOPE ANN TUCKER, | ) ) ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE
CONCERNING PENELOPE A. TUCKER'S MOTION FOR SEVERANCE**

This matter is before the court on defendant Penelope A. Tucker's Motion for Severance of Trial from All Co-defendants. [Doc. 477] The government responded. [Doc. 525] Defendant Tucker replied. [Doc. 540]

**A. Joinder**

In determining whether a defendant is entitled to a separate trial, the court must decide whether joinder was proper under Rule 8 and whether joinder is likely to have a "substantial and injurious effect or influence in determining the jury's verdict." United States v. Lane, 474 U.S. 438, 449 (1986), quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946).

Rule 8(b) of the Federal Rules of Criminal Procedure provides:

> The indictment or information may charge two or more defendants if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Joinder under Rule 8(b) requires that there be a factual interrelationship among all the joined defendants and counts. E.g., United States v. Bledsoe, 674 F.2d 647, 656-57 (8th Cir.), cert. denied, 459 U.S. 1040 (1982). In determining before trial whether or not joinder was proper, the court must see whether this factual interrelationship is alleged in the indictment. Id. at 655; United States v.

Andrade, 788 F.2d 521, 529 (8th Cir.), cert. denied, 479 U.S. 963 (1986); see also United States v. Jones, 880 F.2d 55, 62-63 (8th Cir. 1989). In this case, the actions of the defendants are factually interrelated. Each defendant is charged in Count I of the Superseding Indictment (RICO Conspiracy). Count I of the Superseding Indictment spells out in detail the background of the Gambling Enterprise, the role of each of the defendants and how each is related to the Gambling Enterprise,[1] the nature and scope of the Gambling Enterprise, the Racketeering Conspiracy and the law violations alleged, the Manner, Method and Means of the Racketeering Conspiracy and the Overt Acts committed. Thus it is clear on the face of the Superseding Indictment that joinder is proper. Although some of the co-defendants are charged in other counts, it is not necessary that all defendants be charged in all counts. Fed.R.Crim.P. 8(b); United States v. Jones, 880 F.2d 55, 62 (8th Cir. 1989). Generally speaking, Rule 8 is to be liberally construed in favor of joinder. Id. In the present case defendant Tucker does not allege misjoinder. The court finds that joinder is proper.

**B. Severance**

Rule 14(a) of the Federal Rules of Criminal Procedure provides:

> If the joinder of offenses or defendants in an indictment, an information or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials or provide any other relief that justice requires.

In her Motion defendant Tucker requests that her trial be severed from that of her co-defendants "due to the potential for prejudicial spillover." She argues that "the evidence which the government may seek to introduce to establish the majority of the allegations in the Superseding Indictment contained in Count I (RICO Conspiracy) have nothing to do with [her] both as to the time frame of her alleged involvement and the specific conduct at issue." She states that "her alleged involvement in the gambling activity of co-defendant Gary Kaplan is limited to, at most, administrative and personal financial matters which are virtually unrelated to the RICO charges."

"When defendants properly have been joined under Rule 8(b), a district court should grant

---

[1] ¶ 16 states "Defendant PENELOPE ANN TUCKER, also known as "Penny Tucker," was an employee and/or agent of defendant GARY KAPLAN and the GAMBLING ENTERPRISE, and a principle in several corporations that were part of the GAMBLING ENTERPRISE, which is described hereafter.

a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants." Zafiro v. United States, 506 U.S. 534, 539 (1993). "There is a preference in the federal system for joint trials of defendants who are indicted together." Id. at 537; United States v. Shivers, 66 F.3d 938, 939 (8th Cir.), cert. denied, 516 U.S. 1016 (1995). Joint trials are favored because they "conserve state funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial." United States v. Lane, 474 U.S. at 449, quoting Bruton v. United States, 391 U.S. 123, 134 (1968); United States v. Cadwell, 864 F.2d 71, 73-74 (8th Cir. 1988). The court must look to the defendant's showing that prejudice would result from joinder and consider whether such prejudice can be avoided at trial. Very often relevant factors cannot be fully evaluated until during trial, e.g., the effect of limiting instructions, the strength of the government's evidence, the receipt of evidence not relevant to all defendants on all counts, and the number of defendants tried jointly. United States v. Sazenski, 833 F.2d 741, 745-46 (8th Cir. 1987), cert. denied, 485 U.S. 906 (1988).

"Rarely, if ever will it be improper for co-conspirators to be tried together." United States v. Stephenson, 924 F.2d 753, 761 (8th Cir.), cert. denied, 112 S.Ct. 63 (1991); United States v. Drew, 894 F.2d 965, 968 (8th Cir.), cert. denied, 494 U.S. 1089 (1990). "It is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." Zafiro, 506 U.S. at 540. See also Layton v. South Dakota, 918 F.2d 739, 744 (8th Cir. 1990), cert. denied, 499 U.S. 953 (1991). Likewise, severance is not required: If the evidence against a co-defendant is more damaging, United States v. Pou, 953 F.2d 363, 369 (8th Cir.), cert. denied, 112 S.Ct. 1982 (1992); if the defendant's role in the conspiracy is minor, United States v. Pecina, 956 F.2d 186, 188 (1992); or if all of the evidence will not be admissible against all co-defendants, United States v. Sparks, 949 F.2d 1023, 1027 (8th Cir. 1991), cert. denied, 112 S.Ct. 1987 (1992).

"The mere fact that there is hostility among the defendants or one defendant may try to save himself at the expense of another is not sufficient grounds to require separate trials." United States v. Garret, 961 F.2d 743, 746 (8th Cir. 1992). "Mutually antagonistic defenses are not prejudicial per se." Zafiro, 506 U.S. at 538. In the present case the defendants do not allege antagonistic defenses.

Anticipated exculpatory testimony of a co-defendant does not automatically require severance. United States v. Foote, 920 F.2d 1395, 1400 (8th Cir. 1990), cert. denied, 111 S.Ct. 2246 (1991). "Severance is not mandated simply because a co-defendant might testify and thereby only 'increase the chances of acquittal or tend to rebut some aspect of the government's case.' Exculpation is required." Foote, 920 F.2d at 1400 (quoting United States v. Reed, 733 F.2d 492, 508 (8th Cir. 1984)).

Severance is not required on the ground that the testimony of a co-defendant at trial would compel defendant to testify or to suffer prejudice as a result of a decision not to testify. An instruction cautioning the jury against drawing any adverse inference from his election not to testify will protect the defendant from any prejudice anticipated by the co-defendant's testimony. In addition, no comment concerning the failure of any defendant to testify is permitted.

Some factors will require pretrial severance. If the government intends to offer a confession against one defendant which incriminates a co-defendant, the co-defendant is entitled to a separate trial to avoid the prejudice of not being able to cross-examine the declarant. Bruton, 391 U.S. at 136 (1968). However, such prejudice may be avoided by the redaction from the confession of any reference to the co-defendant. United States v. Kaminski, 692 F.2d 505, 522 (8th Cir. 1982). In the present case there is no evidence before the court that the government intends to offer a confession of one defendant that will incriminate a co-defendant. Bruton-type statements are therefore not an issue at this time.

As noted above defendant Tucker raises two grounds for requesting severance: the spillover effect of a large part of the evidence having nothing to do with her and the inability of the jury to compartmentalize the evidence against her.

1.     **Extent of the Evidence**

Defendant Tucker argues that much of the evidence has nothing to do with her both as to the time frame of her involvement and the specific conduct at issue. The Eighth Circuit has held denial of a motion for severance proper where evidence was more damaging against one defendant than another defendant and because a co-conspirator was not involved during the entire duration of the

conspiracy. United States v. Frazier, 280 F.3d 835, 844 (8th Cir.), cert. denied, 537 U.S. 911 (2002). A defendant's limited involvement in a conspiracy does not warrant severance. United States v. El-Muqsit, 191 F.3d 928, 941 (8th Cir.), cert. denied, 528 U.S. 1029 (1999); United States v. Pecina, 956 F.2d 186, 188 (1992). Not every defendant joined as a co-defendant must have participated in every offense charged. See United States v. Williams, 97 F.3d 240, 243 (8th Cir. 1996). There is no requirement in joint trials that the evidence of each defendant's culpability be quantitatively or qualitatively equivalent. United States v. Jones, 880 F.2d 55, 63 (8th Cir. 1989); United States v. O'Connell, 841 F.2d 1408, 1432 (8th Cir.), cert. denied, 487 U.S. 1210 (1988).

There is no question that this is a broad case and that discovery is voluminous. A significant part of the government's evidence at trial will deal with defendant Gary Kaplan, his gambling activities and financial affairs. The evidence relating to defendant Tucker may not be as extensive. However, if evidence and/or testimony would be admissible against the defendants in a separate trial there can be no prejudice in a joint trial. United States v. Flores, 362 F.3d 1030, 1041 (8th Cir. 2004).

The government argues that in order to prove its RICO conspiracy case it will have to prove:

1. The enterprise existed as alleged in the Indictment;
2. The enterprise was engaged in or had some effect on interstate commerce;
3. The defendant was associated with or employed by the enterprise;
4. That on or about the date alleged in the Indictment, two or more persons reached an agreement or came to an understanding to conduct or participate in the affairs of the enterprise, directly or indirectly, through a pattern of racketeering activity; and
5. That the defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in existence, and at the time the defendant joined in the agreement or understanding, he/she specifically intended to otherwise participate in the affairs of the enterprise.

**Eighth Circuit Model Criminal Jury Instructions 6.8.1962B (2003)**

In order to prove its case, the government will have to offer the same general evidence against defendant Tucker as against her co-defendants. In addition, the government will have to adduce specific evidence to prove an agreement between each defendant and at least one co-defendant. See United States v. Darden, 70 F.3d 1507, 1526 (8th Cir. 1995) (Each defendant in conspiracy held accountable for actions of other defendants in furtherance of conspiracy, thus all evidence offered

against one defendant, regardless of whether co-defendant participated in those activities, is admissible against all the defendants), cert. denied, 517 U.S. 1149 (1996).

There is a distinct advantage to a joint trial of co-conspirators.

> The United States has a strong interest in the joint trial of the members of a criminal enterprise. Such trials save time and money for the courts, prosecutors and witnesses. Most importantly, however, justice is best served by trying members of a racketeering conspiracy together because a joint trial "gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome." (internal citation omitted).

Darden, 70 F.3d at 1527-28.

Based on the foregoing, there is no reason to sever defendant Tucker's trial particularly when it is more likely a joint trial will lead to the correct outcome.

**2.      Jury Confusion**

"What is required for severance is a specific showing that jury could not be reasonably expected to compartmentalize the evidence." United States v. Hively, 437 F.3d 752, 765 (8th Cir. 2006). In spite of defendant Tucker's arguments, the court sees no reason a jury could not recognize, with appropriate instruction(s), what evidence is relevant and material to her. There is not necessarily a correlation between the volume of evidence and inevitable confusion.

For example, in United States v. Lueth, 807 F.2d 719, 731 (8th Cir. 1986) one of the defendants who faced drug conspiracy charges argued that the jury would not be able to separate the evidence against him from the evidence against a co-defendant on tax charges. The Eighth Circuit pointed out that the trial judge used charts identifying the defendants and the counts of the indictment as evidence was introduced and made repeated cautionary instructions to the jury. There is no reason why a similar technique could not be used in this case. The Eighth Circuit has repeatedly held that a court's instructions to the jury will best distinguish the charges to guard against any spillover effect. Hively, 437 F.3d at 765 citing United States v. Mickelson, 378 F.3d 810, 818 (8th Cir. 2004) ("The risk of prejudice posed by joint trials is best cured by careful and thorough jury instructions.")

When defendants have been properly joined in an indictment, a motion to sever is addressed to the sound discretion of the trial court and the trial court must "balance the inconvenience and

expense of separate trials against the prejudice to the co-defendants of a joint trial." United States v. Anthony, 565 F.2d 533, 538 (8th Cir. 1977), cert. denied, 434 U.S. 1079 (1978). The Eighth Circuit has recognized "that when 'the indictment invites joint proof. . .prima facia validity of joinder is showed.'" United States v. Rimell, 21 F.3d 281, 289 (8th Cir.)(internal citations omitted), cert. denied, 513 U.S. 976 (1994). The interests of judicial economy weight heavily in favor of a joint trial. In addition, the interests of justice are served "by avoiding the scandal and inequity of inconsistent verdicts." Zafiro 506 U.S. at 537 quoting Richardson v. Marsh, 481 U.S. 200, 210 (1987). "Trying co-defendants together not only conserves scarce time and resources, but also 'gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome.'" Hively, 437 F.3d at 765 quoting Darden, 70 F.3d at 1528.

Accordingly,

**IT IS HEREBY RECOMMENDED** that defendant Penelope A. Tucker's Motion for Severance of Trial from All Co-defendants be **DENIED**. [Doc. 477]

The parties are advised that they have eleven (11) days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

/s/Mary Ann L. Medler
**MARY ANN L. MEDLER**
**UNITED STATES MAGISTRATE JUDGE**

Dated this   11th   day of December, 2007.